861 F.2d 720
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dr. Joseph E. GRANGER, Plaintiff-Appellant,
v.
BOARD OF TRUSTEES OF the UNIVERSITY OF LOUISVILLE; Donald
C. Swain; William F. Dorrill; Dr. Lois S. Cronholm; Dr.
Russell M. Reid; and unknown agents and/or employees of the
University of Louisville, Defendants-Appellants.
 No. 87-6330.
 United States Court of Appeals, Sixth Circuit.
 Nov. 1, 1988.
 
 Before KEITH, RALPH B. GUY Jr. and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff appeals the order of the district court granting partial summary judgment for defendants in this action brought under 42 U.S.C. Sec. 1983 for violation of rights protected by the due process clause of the fourteenth amendment. We affirm.
 
 
 2
 Plaintiff-appellant Dr. Joseph Granger was originally hired by the University of Louisville in 1967. In 1974, pursuant to a Faculty Appointment Contract, he was appointed as an Assistant Research Professor and as Director of the University of Louisville Archaeological Survey ("ULAS"). The contract specified that plaintiff's appointment as Assistant Research Professor would continue through May 31, 1975. His appointment as director of ULAS was to continue "at the pleasure of the Board of Trustees."
 
 
 3
 The Board of Trustees adopted a resolution on November 25, 1985, placing ULAS under the jurisdiction of the Department of Anthropology and authorizing the chairperson of that department to supervise it. This action effectively removed plaintiff from his administrative position as Director of ULAS.
 
 
 4
 Plaintiff brought this action against the Board of Trustees and various officers of the University alleging that defendants had violated his constitutional rights guaranteed by the first, fifth, and fourteenth amendments to the United States Constitution, his rights under 42 U.S.C. Secs. 1983, 1985, and his rights under Sec. 1 of the Constitution of the Commonwealth of Kentucky. Defendants subsequently moved for summary judgment, and the district court granted their motion with respect to plaintiff's claims under the first, fifth, and fourteenth amendments of the United States Constitution, and his claims pursuant to 42 U.S.C. Sec. 1985. The court denied defendants' motion for summary judgment with respect to plaintiff's claims pursuant to 42 U.S.C. Sec. 1983 and with respect to plaintiff's various state law claims. Plaintiff now appeals only the dismissal of the due process claim.
 
 
 5
 The district court rejected plaintiff's due process claim on the ground that Dr. Granger had no property or liberty interest in his administrative position as director of ULAS. The court found that he had no property interest because the explicit terms of his appointment provided that he was to serve "at the pleasure of the Board of Trustees." The district court also rejected plaintiff's claims that defendants had deprived him of a liberty interest because "the University has not made damaging charges against the plaintiff nor has the University 'imposed on him a stigma or other disability [barring the plaintiff from all other public employment] that foreclosed his freedom to take advantage of other employment opportunities.' In fact, the plaintiff remains employed at the University as a fully tenured Associate Professor." Thus, the court concluded that defendants had done nothing to deprive plaintiff of liberty.
 
 
 6
 Careful review of the record, the briefs submitted by the parties, and the opinion of the district court convinces us that the district court correctly resolved the issue presented by this appeal. We therefore adopt the reasoning set forth in the opinion of the district court and AFFIRM its judgment.